UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MICHAEL DARVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  2:23-CV-129-TAV-CRW |
| | ) |
| CEO OF HERITAGE and HERITAGE | ) |
| (MEAT BY-PRODUCT | ) |
| DISTRIBUTOR), | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

In accordance with the Court's previous order [Doc. 6], Plaintiff, a Tennessee Department of Correction ("TDOC") prisoner, filed an amended complaint for violation of 42 U.S.C. § 1983 asserting that Defendants are liable for contaminated food products that were served to him during his incarceration [Doc. 7]. For the reasons set forth below, Plaintiff's amended complaint [*Id.*] fails to state a claim upon which relief may be granted under § 1983. As such, this action will be **DISMISSED without prejudice**.

I.     SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The dismissal standard the Supreme Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C.

§§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II. ALLEGATIONS

Plaintiff asserts that, since his incarceration and arrest, he has had to eat portions of defendants' food products that have bone fragments in them [Doc. 7, pp. 3–4]. According to Plaintiff, his "constant[]" exposure to these products, which he categorizes as "unsafe," "hazard[ous]," and poisonous, has caused him to lose 20 pounds [*Id.* at 4]. Plaintiff also asserts that these food products amount to "[a]ggravated [a]ssault," represent "[c]ulpable [n]egligence of [c]riminal [l]iability," and violate the Food, Drug, and Cosmetics Act ("FDCA") [*Id.* at 5].

Based on these allegations, Plaintiff has sued both the chief executive officer ("CEO") of Heritage and Heritage itself [*Id.* at 1, 2]. As relief, Plaintiff seeks compensatory and punitive damages [*Id*. at 5].

**III. ANALYSIS**

First, as Plaintiff's complaint does not allege or plausibly suggest that the unnamed CEO of Heritage was personally involved in creating the food products at issue or providing those food products to Plaintiff, and this defendant cannot be liable based solely on his supervisory position, Plaintiff fails to allege a plausible § 1983 claim as to this defendant. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Iqbal*, 556 U.S. at 676 (noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior").

Next, to state a plausible § 1983 claim against Heritage, Plaintiff must allege facts from which this the Court can plausibly infer that this entity's policy or custom caused a violation of his constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"); *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (holding plaintiff must allege "a policy or

3

Case 2:23-cv-00129-TAV-CRW Document 8 Filed 10/31/24 Page 3 of 5 PageID #: 45

well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights) (citation omitted).

Plaintiff does not do so. Instead, as set forth above, Plaintiff alleges only that food products distributed by Heritage contained bone fragments of an unspecified size. He does not provide any facts suggesting that the presence of these bone fragments was due to a custom or policy of Heritage, rather than, for example, negligence on the part of employees. As such, his complaint fails to state a claim upon which relief may be granted under § 1983 as to Heritage. *Vartinelli v. Aramark Corr. Servs., LLC*, 796 F. App'x 867, 871–72 (6th Cir. 2019) (holding that where the plaintiff "fail[ed] to plausibly allege, or allege at all for that matter, that [an entity performing a state function] maintained a policy or custom that disregarded inmates'" health, his complaint failed to state a plausible § 1983 claim).

The Court further notes that even if Plaintiff had plausibly alleged that a custom or policy of Heritage cause the bone fragments in the food served to Plaintiff, Plaintiff's "fail[ure] to allege how [Heritage] perceived facts from which [it] could infer a substantial risk to him, drew this inference from the facts, and nevertheless disregarded the risk . . . [means that he has] failed to state a claim that [Heritage] [was] deliberately indifferent to his health and safety." *Balcar v. Smith*, No. 17-5159, 2017 WL 3613479, at *2 (6th Cir. July 17, 2017) (finding that where the prisoner plaintiff's § 1983 complaint named the food service contractor and prison warden as the defendants for claims arising out of service of contaminated food in the prison but failed to allege that these defendants knew the food posed a substantial risk of harm to him and disregarded that risk, the complaint failed to state a claim for violation of §1983) (citations omitted).

Additionally, while Plaintiff alleges that service of the contaminated food products violated the FDCA, it is well-established that the FDCA does not create a private cause of action. *Bailey v. Johnson*, 48 F.3d 965, 968 (6th Cir. 1995).

Accordingly, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's amended complaint [Doc. 7] fails to state a claim upon which relief may be granted under § 1983;

2. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE